IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. KELLER, | No. 4:22-CV-00013 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SIERRA-CEDAR, LLC, | |
| Defendant. | |

MEMORANDUM OPINION

OCTOBER 11, 2022

Plaintiff Edward C. Keller brings this employment discrimination action against Defendant Sierra-Cedar, LLC, his former employer. Keller received a letter from the United States Equal Employment Opportunity Commission ("EEOC") authorizing him to sue Sierra-Cedar within ninety days of his receipt of the letter. Sierra-Cedar contends that Keller failed to file this action within that ninety-day period and accordingly moves to dismiss his Complaint as untimely. Keller maintains that his Complaint is timely. For the following reasons, Sierra-Cedar's Motion to Dismiss will be granted in part and denied in part.

I.   BACKGROUND

Keller began his employment with Sierra-Cedar in August 2017 as a Senior Director of Delivery.[1] Sierra-Cedar's business involved providing cloud consulting

---

[1]   Compl. Doc. 1 ¶ 7.

services for various entities.[2]  In August 2018, Sierra-Cedar reduced Keller's workload on his request so that he could accept a professorship with a university.[3] His compensation was accordingly reduced.[4]

In February 2019, Keller was told that one of his colleagues, a relatively inexperienced and younger woman named Cathy Bass, would take the lead on some of his projects.[5] Bass complained to Keller that she was unable to complete all the assigned projects and inquired as to why he was not working on them.[6]

Sierra-Cedar continued to replace Keller with Bass on various projects and presentations throughout 2019, substantially reducing his billable hours.[7] At one point, Keller complained to Bass about his being replaced.[8] Bass "replied that she had been told by [Sierra-Cedar's] 'higher-ups' that they needed a 'skirt.' She further explained to [Keller] that the [Sierra-Cedar] had been giving presentations by six or seven white men. She stated that she had been told by [Sierra-Cedar] that they needed a 'skirt.'"[9]

Keller expressed his frustration to another Sierra-Cedar employee in September 2019.[10] The employee responded that Keller was mistaken as his current

---

[2]  See id. ¶¶ 8-9, 11-12.
[3]  Id. ¶ 10.
[4]  Id.
[5]  Id. ¶¶ 14-17.
[6]  Id. ¶ 18.
[7]  Id. ¶¶ 18-19.
[8]  Id. ¶ 19.
[9]  Id.
[10] Id. ¶ 20.

projects would provide enough work.[11] Sierra-Cedar eventually replaced Keller in February 2020 and then terminated him.[12] He first sought redress with the EEOC, which reviewed his claim and decided not to take action but authorized Keller to file suit against Sierra-Cedar.[13]

Keller now brings this Complaint, alleging that Sierra-Cedar violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII") (Count I) and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*. ("PHRA") (Count II) by discriminating against him with respect to his compensation and the terms and privileges of his employment because of his sex.[14] He seeks compensatory and punitive damages.[15]

Sierra-Cedar now moves to dismiss Keller's Complaint. Its Motion to Dismiss is now fully briefed and ripe for disposition.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v.*

---

[11] *Id.*
[12] *Id.* ¶¶ 21-22.
[13] *See id.* ¶ 6; *see also* Dismissal and Notice of Rights Ltr. Doc. 1-1.
[14] Compl. Doc. 1 ¶¶ 24-31, 34-39.
[15] *Id.* at 9.

*Twombly*[16] and *Ashcroft v. Iqbal*,[17] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]

The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[19]

### B. Count I (Title VII Claim)

Sierra-Cedar first argues that Keller is time-barred from bringing Count I (Title VII claim) because he failed to file within the ninety-day period following receipt of the EEOC's letter authorizing suit. However, Sierra-Cedar and Keller dispute which day should be considered the day he received the letter, which triggers the ninety-day period to sue.

Title 42 U.S.C. § 2000e-5(f) provides that if the EEOC decides not to proceed with an individual's claim, it "shall so notify the person aggrieved and within ninety

---

[16] 550 U.S. 544 (2007).
[17] 556 U.S. 662 (2009).
[18] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[19] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved . . . ." That ninety-day period for filing suit "has been construed liberally such that the time for filing a complaint begins to run when the plaintiff has notice of the EEOC decision."[20] "When the actual date of receipt is known, that date controls. However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it."[21] Although "the [ninety]-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'"[22]

Keller filed his Complaint on January 4, 2022.[23] Sierra-Cedar argues that he received notice of his right to sue on September 27, 2021, citing a document that purports to be a record indicating that a paralegal from Keller's counsel's office downloaded the letter on September 27, 2021.[24] Using September 27 as the day of receipt would make Keller's Complaint untimely.

Keller disputes that he or his counsel had notice on September 27 and argues that the Court should apply the latest date, three days following the mailing date of

---

[20] *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986).
[21] *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) (citations omitted).
[22] *See Mosel*, 789 F.2d at 253 (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)).
[23] Compl. Doc. 1.
[24] Def.'s Br. Doc. 12 at 4-5; EEOC Charge Detail Inquiry Doc. 12-4.

5

the letter.[25] That day would be October 11, 2021, three days after the letter was postmarked on October 8, 2021.[26] Applying the later date would make Keller's Complaint timely.

The Court concludes that Sierra-Cedar has not conclusively established the date of actual receipt. Even if the Court were to consider the record of the download—which it is not required to do on a Rule 12(b)(6) motion—the document is devoid of any authenticating information. It cannot conclusively establish the "known" date of receipt of the right-to-sue latter. Therefore, the date of receipt is disputed. Sierra-Cedar may, of course, renew its argument on a motion for summary judgment if it obtains discovery indicating that Keller had constructive notice of his right to sue through his counsel. Accordingly, Sierra-Cedar's Motion to Dismiss will be denied with respect to Count I (Title VII claim).

### C. Count II (PHRA Claim)

Sierra-Cedar next argues that Keller failed to exhaust all administrative remedies before brining Count II (PHRA claim).[27] Specifically, Sierra-Cedar claims that Keller has not filed his claim with the Pennsylvania Human Rights Commission, the EEOC's state-level counterpart or at least has not provided notice to Sierra-Cedar of any claim with that agency.[28] Keller does not appear to dispute Sierra-Cedar's

---

[25] Plf's Opp. Br. Doc. 13 at 6-7.
[26] EEOC Right-to-Sue Ltr. Envelope Doc. 13-1.
[27] Def.'s Br. Doc. 12 at 5.
[28] Id.

argument. Therefore, Sierra-Cedar's Motion to Dismiss will be granted on this issue and Count II (PHRA claim) is dismissed without prejudice.[29]

## III. CONCLUSION

For the foregoing reasons, Sierra-Cedar's Motion to Dismiss is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[29] 42 U.S.C. § 2000(e)(5)(d) provides that when there is a state-level agency governing unlawful employment practices the EEOC shall "notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days . . . unless a shorter period is requested, to act under such State or local law to remedy the practice alleged. It would appear that the EEOC was required to refer the claim to the PRHC before proceeding with its own investigation, but there is no evidence of the PHRC's involvement in the record before the Court.

7