IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. KELLER, | No. 4:22-CV-00013 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SIERRA-CEDAR, LLC, | |
| Defendant. | |

MEMORANDUM OPINION

JANUARY 30, 2024

Clients rightfully expect diligent representation. But despite their best efforts, lawyers are fallible. The Court is currently tasked with addressing the fallout of an attorney inadvertently missing a statutory deadline. Unfortunately, sympathy for the client does not, at least not alone, allow the Court to rectify counsel's misstep.

I.     BACKGROUND

On January 4, 2022, Edward Keller filed a two-count complaint against Defendant, Sierra-Cedar, LLC ("Sierra-Cedar"), alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Rights Act ("PHRA"). The Court previously dismissed the PHRA cause of action and denied a motion for sanctions. Now pending before the Court is Sierra-Cedar's motion for

summary judgment. The motion is now ripe for disposition; for the reasons below, it is granted.

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[2] A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[3] Conversely, to survive summary judgment, a plaintiff must "point to admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law."[4]

In assessing "whether there is evidence upon which a jury can properly proceed to find a verdict for the nonmoving party,"[5] the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[6] Moreover, "[i]f a party fails to properly support an assertion of fact or fails

---

1   FED. R. CIV. P. 56(a).
2   *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010).
3   *Clark v. Mod. Grp. Ltd.,* 9 F.3d 321, 326 (3d Cir. 1993).
4   *Id.*
5   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)).
6   *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

to properly address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion."[7] Finally, although "the court need consider only the cited materials, … it may consider other materials in the record."[8]

### B. The Undisputed Material Facts

With that standard outlining the Court's framework for review, I now turn to the undisputed facts.[9]

Keller filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Sierra-Cedar.[10] During the course of the EEOC's investigation, Vistina Chevalier, a paralegal at Plaintiff's retained law firm, was listed as the Charging Party's representative.[11] Upon completion of the investigation, the EEOC issued a Dismissal and Notice of Rights, commonly referred to as a right to sue letter, on September 27, 2021.[12] As indicated in the

---

[7] FED. R. CIV. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).

[8] FED. R. CIV. P. 56(c)(3).

[9] Defendant's Statement of Material Facts ("SMF") is deemed admitted because Plaintiff failed to support his denials with any citation to the record. Keller also included a Counterstatement of Material Facts ("CMF"). Anything in the CMF that is unsupported by a citation will not be considered by the Court.

[10] *See* Doc. 43 (Brief in Support of Motion for Summary Judgment), Ex. 1 (Defendant's SMF) ¶ 1.

[11] *See id.* ¶ 2. Keller contends that Ms. Chevalier's email address had been used to submit the Charge of Discrimination but was only "listed as a secondary form of contact." Doc. 45 (Response to SMF). Yet, he provides no citation to support this assertion. For that reason, the Court deems this fact admitted. *See* L.R. 56.1 and FED. R. CIV. P. 56.

[12] *See* Doc. 43 (Brief in Support of Motion for Summary Judgment), Ex. 1 (Defendant's SMF) ¶ 4.

EEOC's Activity Log, Ms. Chevalier downloaded this letter on September 27, 2021.[13]

The parties subsequently hired an expert "to perform a forensic analysis on the computers used by Ms. Chevalier."[14] The analyst confirmed that the EEOC website had been visited on September 27, 2021.[15] A document titled "2021-9-27+Keller+161.pdf" had been "saved to Ms. Chevalier's local computer hard drive" that day.[16] This document was "opened" one second after it was downloaded; "[t]hree and a half minutes later, a [PDF] titled 'Dismissal and Notice of Rights 9-27-21.pdf' was saved to the law firm's S drive."[17]

The EEOC also sent Plaintiff a physical right to sue letter. This copy was mailed on October 8, 2021, and received by Keller on October 12, 2021.[18] In relevant part, the right to sue letter states:

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as

---

[13] *See id.* ¶ 5.
[14] *Id.* ¶ 7.
[15] *See id.* ¶ 11.
[16] *Id.*
[17] *Id.* ¶ 12.
[18] *See* Doc. 44 (Brief in Opposition to Motion for Summary Judgment) at 2.

4

indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.[19]

Keller then commenced the present action *ninety-nine* days after Ms. Chevalier downloaded the right to sue letter.[20] This suit was, however, brought within *ninety* days of the postmark date of the copy mailed to Plaintiff.

## II.   ANALYSIS

"Before bringing a Title VII suit in a federal district court," Keller needed to exhaust his administrative remedies "by filing a charge of discrimination with the" EEOC.[21] Since the EEOC elected not to pursue the claim after performing an investigation, it "issue[d] a right to sue letter."[22]

After receiving the right to sue letter, Keller had ninety days to file suit. "The ninety-day period starts to run when either the party or [his] attorney receives the right to sue letter, whichever is earlier."[23] Receipt of the letter starts the ninety-day clock even when the plaintiff or his attorney "is not aware of its receipt until some later time."[24] This ninety-day period "is treated as a statute of limitations."[25] "It is strictly construed and 'in the absence of some equitable bases for tolling, a

---

[19] *Id.*, Ex. 2 (Right to Sue Letter).
[20] *See* Doc. 43 (Brief in Support of Motion for Summary Judgment), Ex. 1 (Defendant's SMF) ¶ 13.
[21] *Formato v. Mount Airy #1, LLC*, No. 3:19-CV-02237, 2020 U.S. Dist. LEXIS 134195, at *6 (M.D. Pa. July 20, 2020) (citing *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469-70 (3d Cir. 2001)).
[22] *Id.*
[23] *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990)).
[24] *Moses v. Home Depot Inc.*, Civ. A. No. 16-2400, 2017 U.S. Dist. LEXIS 99799, at *12 (D.N.J. June 27, 2017) (citing *Irwin*, 498 U.S. at 93).
[25] *Formato*, 2020 U.S. Dist. LEXIS 134195, at *6 (citing *Burgh*, 251 F.3d at 470).

civil suit even one day late is time-barred and may be dismissed."[26] "When the actual date of receipt is known, that date controls; where the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it."[27] No specific form of notice is required so long as adequate notice is ultimately provided to the plaintiff.[28] Thus, a right to sue letter "received via e-mail message triggers the ninety-day statute of limitations period."[29]

### A. Agency Law

"Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"[30] That is because when "an agent receives notice, that notice is imputed to the principal."[31] The present situation provides an additional wrinkle: a paralegal that worked for Plaintiff's attorney first received the right to sue letter. But this "imputation applies to sub-agents as well; from sub-agent to agent, and then from agent to principal."[32] As such, Ms. Chevalier's receipt of the letter on September 27, 2021 is imputed to Plaintiff's

---

[26] *Id.*
[27] *Edwards v. Bay State Milling Co.*, 519 F. App'x. 746, 748 (3d Cir. 2013) (citing *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999)).
[28] *See e.g.*, *Hayes v. New Jersey*, No. 1:20-CV-17075-KMW-MJS, 2023 U.S. Dist. LEXIS 68313 (D.N.J. Apr. 19, 2023).
[29] *Moses*, 2017 U.S. Dist. LEXIS 99799, at *13 (citing *Zilinskas v. UPMC*, Civ. A. No. 13-80, 2013 U.S. Dist. LEXIS 71383, at *4 (W.D. Pa. May 21, 2013)).
[30] *McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-CV-1809, 2022 U.S. Dist. LEXIS 63608, at *8 (W.D. Pa. Apr. 5, 2022) (quoting *Irwin*, 498 U.S. at 92-93).
[31] *Buchanan v. Reliance Ins. Co. (In re Color Tile, Inc.)*, 475 F.3d 508, 513 (3d Cir. 2007) (citing *Am. Sur. Co. v. Pauly*, 170 U.S. 133, 153 (1898)).
[32] *Id.* (citing RESTATEMENT (SECOND) OF AGENCY § 283(a) (1958)).

attorney and ultimately to Keller himself. In sum, Plaintiff initiated this suit nine days too late.[33]

### B.   Equitable Tolling

Because the "ninety-day time limit 'is akin to a statute of limitations rather than a jurisdictional bar[,]'" it is subject to equitable tolling.[34] "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed."[35]

"A court may apply equitable tolling (1) 'when a claimant received inadequate notice of her right to file suit,' (2) "where a motion for appointment of counsel is pending,' (3) 'where the court has misled the plaintiff into believing that she has done everything required of her,' (4) 'when the defendant has actively misled the plaintiff,' (5) when the plaintiff in some extraordinary way was prevented from asserting her rights,' or (6) 'when the plaintiff timely asserted her rights in the wrong forum.'"[36] This list is "explicitly illustrative, and not exclusive; thus, it in no way displaces traditional equitable principles."[37] But "restrictions on

---

[33] This conclusion finds further support in the caselaw. For example, in *Irwin*, the Supreme Court of the United States rejected a "contention that there is a material difference between receipt by an attorney and receipt by that attorney's office for purposes of" a subsection of Title VII in a suit against the Department of Veteran Affairs. *See Irwin*, 498 U.S. at 91-93.

[34] *Formato v. Mount Airy #1, LLC*, 2021 U.S. Dist. LEXIS 145550, at *4 (M.D. Pa. Aug. 4, 2021) (quoting *Seitzinger*, 165 F.3d at 239-40).

[35] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)).

[36] *Id.*

[37] *Elchik v. Akustica, Inc.*, Civ. A. No. 12-578, 2013 U.S. Dist. LEXIS 53376, at *51 (W.D. Pa. Mar. 6, 2013) (citing *Seitzinger*, 165 F.3d at 240).

equitable tolling" have to "be scrupulously observed" because "this remedy is 'available only sparingly and in extraordinary situations.'"[38]

### 1. Excusable Neglect

"In Title VII cases, equitable tolling does 'not extend to what is at best a garden variety claim of excusable neglect by an attorney.'"[39] "Simply missing a deadline, without more, is not an example of an extraordinary circumstance sufficient for equitable tolling."[40] Without any indication that Keller "persistently" questioned his attorney, equitable tolling is not justified here.[41]

### 2. The Misled Plaintiff

Plaintiff instead focuses his argument on what he purports is the misleading nature of the EEOC's right to sue letter. As presented by Keller, the EEOC, functionally "the federal authority of jurisdiction"[42] at that time, misled him as to when his ninety-day clock started to run. He points to the following language in the right to sue letter to support this:

> Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.[43]

---

[38] *Koller v. Abington Mem'l Hosp.*, 251 F. Supp. 3d 861, 865 (E.D. Pa. 2017) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997)).
[39] *Formato*, 2021 U.S. Dist. LEXIS 145550, at *5 (quoting *Seitzinger*, 165 F.3d at 241).
[40] *Id.* (citing *Baker v. Office Depot, Inc.*, 115 F. App'x. 574, 577 (3d Cir. 2004)).
[41] *Id.* at *6 (citing *Seitzinger*, 165 F.3d at 237-38).
[42] *Elchik*, 2013 U.S. Dist. LEXIS 53376, at *51-52.
[43] Doc. 44 (Brief in Opposition to Motion for Summary Judgment), Ex. 2 (Right to Sue Letter).

As interpreted by Keller, "the phrase 'if later' would lead anyone who reads it to believe that a plaintiff would have the option of filing his complaint within [ninety] days of the latest date of the three relevant dates: (1) the date of the issuance of the notice; (2) the postmark date; or (3) the date of receipt."[44] This interpretation has some merit when evaluating this language in isolation. However, this contention is completely undercut by the context of the paragraph. Critically, the opening sentence states: "In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.**"[45]

Complainants are therefore not given their choice of date between the issuance of the Notice, date of postmark, or record of receipt. Instead, the controlling date depends upon when the plaintiff "***receives***" the notice.[46] Just because Keller was unaware that Ms. Chevalier had previously downloaded the letter does not mean this language is ambiguous. Consequently, the Court declines to toll this ninety-day timeline.[47]

---

[44] Doc. 44 (Brief in Opposition to Motion for Summary Judgment) at 10-11.
[45] *See* Doc. 44 (Brief in Opposition to Motion for Summary Judgment), Ex. 2 (Right to Sue Letter).
[46] *Id.*
[47] The cases cited by Plaintiff involve the relevant agencies taking additional actions beyond the standardized right to sue letter. *See Pyun v. Colvin*, No. 16-2633, 2016 U.S. Dist. LEXIS 177168 (E.D. Pa. Dec. 22, 2016) (concluding the plaintiff was misled after the EEOC misstated the limitations period in an administrative decision) and *Anderson v. Unisys Corp.*, 47 F.3d 302 (8th Cir. 1995) (finding that a Minnesota Department of Human Relations letter misstated the applicable limitations period and misled the plaintiff). Here, it is Keller's unilateral mistake that created the allegedly misleading circumstances.

---

## III. CONCLUSION

The Court is sympathetic to Plaintiff and the unfortunate circumstances he finds himself in. But sympathy alone does not justify using this "extraordinary"[48] mechanism. As such, Defendant's motion for summary judgment is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[48] *Rockmore v. Harrisburg Prop. Servs.*, 501 F. App'x. 161, 164 (3d Cir. 2012) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).